IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERON THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1363 (WCB) |
| | ) |
| AZURITY PHARMACEUTICALS, INC., | ) |
| AZURITY PHARMACEUTICALS INDIA | ) |
| LLP f/k/a SLAYBACK PHARMA INDIA | ) |
| LLP, and SLAYBACK PHARMA LLC, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Heron Therapeutics, Inc. ("Heron"), for its Complaint against Defendants Slayback Pharma LLC ("Slayback LLC"), Azurity Pharmaceuticals, Inc. ("Azurity Inc."), and Azurity Pharmaceuticals India LLP f/k/a Slayback Pharma India LLP ("Azurity India") (all Defendants collectively, "Azurity" or "Defendants") hereby alleges as follows:

**THE PARTIES**

1. Heron is a corporation organized and existing under the laws of Delaware, having a place of business at 4242 Campus Point Court, Suite 200, San Diego, California 92121.

2. On information and belief, Azurity Inc. is an entity organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.

3. On information and belief, Azurity India f/k/a Slayback Pharma India LLP is an entity organized and existing under the laws of India, having a principal place of business at 310, 3rd Floor, Manjeera Trinity Corporate, JNTU – Hitech City Road, KPHB, Phase 3, Kukutpally Hyderabad, Telangana, 500072, India.

4. On information and belief, Slayback LLC is an entity organized and existing under the laws of the State of Delaware, having a principal place of business at 301 Carnegie Center, Suite 303, Princeton, New Jersey 08540.

5. On information and belief, Azurity Inc. develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

6. On information and belief, Slayback LLC develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

7. On information and belief, Slayback LLC and Azurity India are wholly-owned subsidiaries of Azurity Inc.

8. On information and belief, Azurity India, itself, and/or in cooperation with Slayback LLC and Azurity Inc. and/or as an alter ego of Slayback LLC and/or Azurity Inc., develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

**NATURE OF THE ACTION**

9. This is a civil action for infringement of United States Patent Nos. 12,115,254 ("the '254 patent"), 12,115,255 ("the '255 patent"), and 12,290,520 ("the '520 patent") (collectively, "the patents-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

**JURISDICTION & VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271. This Court may declare the rights

and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

11.  This Court has jurisdiction over this civil action (Civil Action No. 24-1363) between Heron and Defendants for infringement of, *inter alia*, the '254 patent and '255 patent that were previously asserted on December 12, 2024.  This Court has jurisdiction over another civil action (Civil Action No. 24-830 (WCB)) between Heron and Slayback LLC and Slayback Pharma India LLP for infringement of related United States Patent Nos. 9,561,229 ("the '229 patent"), 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793 patent"), 9,974,794 ("the '794 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850 patent"), 10,953,018 ("the '018 patent"), 11,173,118 ("the '118 patent"), and 11,744,800 ("the '800 patent") (collectively, "the Civil Action No. 24-830 Patents").  The parties to Civil Action No. 24-830 entered a stipulation to add Azurity Inc. and have the caption reflect the name change for Slayback Pharma India LLP to Azurity Pharmaceuticals India LLP.  *Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 90 (D. Del. Dec. 11, 2024).  This Civil Action No. 24-1363 is coordinated with Civil Action No. 24-830 with a 4-day trial scheduled to start on November 17, 2025.  (Civil Action No. 1363, D.I. 30; Civil Action No. 830, D.I. 111.)

12.  Azurity Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.

13.  Slayback LLC is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.

14. On information and belief, Slayback LLC and Azurity Inc. market, sell, and/or distribute pharmaceutical products (including generic pharmaceutical drug products) throughout the United States, including within Delaware.

15. On information and belief, Slayback LLC prepared and submitted New Drug Application ("NDA") No. 218754 (the "Azurity NDA").

16. On information and belief, Slayback LLC prepared and submitted a certification under 21 U.S.C. § 355(b)(2)(A)(iv), which it included in its submission of the Azurity NDA, ("the Azurity PIV Certification").

17. On information and belief, Slayback LLC sent Heron a letter notifying it of the Azurity PIV Certification (the "Azurity Notice Letter").

18. On information and belief, Azurity India, itself, and/or in cooperation with Slayback LLC and Azurity Inc. and/or as an alter ego of Slayback LLC and/or Azurity Inc., develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including Delaware.

19. On information and belief, Azurity India aided, abetted, cooperated, participated, and/or assisted Slayback LLC in its preparation and/or submission of the Azurity NDA, the Azurity PIV Certification, and/or the Azurity Notice Letter.

20. On information and belief Azurity will, itself and/or through its agents, distribute, or have distributed, the injectable emulsion described in the Azurity NDA containing 130mg/18mL (7.2 mg/mL) aprepitant (the "Proposed Azurity Product") from within Delaware.

21. This Court has personal jurisdiction over each of Azurity Inc., Azurity India, and Slayback LLC because, on information and belief, Azurity intends to market, sell, and/or distribute drug products within this state and to residents of this state, including the Proposed Azurity

Product. The marketing, offer for sale, sale, distribution, and/or importation of the Proposed Azurity Product infringes the patents-in-suit and will lead to foreseeable harm and injury to Heron in this Judicial District.

22. This Court further has personal jurisdiction over Azurity Inc. because, upon information and belief, Azurity Inc. is a company organized and existing under the laws of Delaware and maintains a registered agent for service of process in Delaware at 1209 Orange Street, Wilmington, Delaware 19801.

23. This Court further has personal jurisdiction over Slayback LLC because, upon information and belief, Slayback LLC is a company organized and existing under the laws of Delaware and maintains a registered agent for service of process in Delaware at 1209 Orange Street, Wilmington, Delaware 19801.

24. This Court further has personal jurisdiction over Azurity India in this action pursuant to Fed. R. Civ. P. 4(k)(2) because, on information and belief, Azurity India is organized under the laws of India and is not subject to any state's courts of general jurisdiction, and exercising jurisdiction over Azurity India is consistent with the Constitution and laws of the United States.

25. This Court further has personal jurisdiction over Slayback LLC and Azurity India because they have previously availed themselves of the rights and benefits of this Court by asserting counterclaims in this Judicial District and because they have consented to and not challenged personal jurisdiction in this Judicial District. *E.g.*, *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc.*, Civil Action No. 24-1363 (WCB), D.I. 22 (D. Del. 2024); *Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 17 (D. Del. 2024); *Eagle Pharm., Inc. v. Slayback Pharma LLC*, 1-24-cv-00065-JLH, D.I. 14 (D. Del. 2024); *Cephalon Inc. & Eagle Pharm., Inc. v. Slayback Pharma LLC*, No. 17-1154-CFC, D.I. 11 (D. Del.

2017); *Teva Pharma Int'l GmbH, et al. v. Slayback Pharma LLC*, No. 18-117-CFC, D.I. 9 (D. Del 2018).

26. This Court further has personal jurisdiction over Azurity Inc. because it has previously availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Judicial District and because they have consented to and not challenged personal jurisdiction in this Judicial District. *E.g.*, *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc.*, Civil Action No. 24-1363 (WCB), D.I. 22 (D. Del. 2024); *Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 90 (D. Del. 2024); *Merck Sharp & Dohme LLC v. Azurity Pharmaceuticals, Inc.*, Civil Action No. 24-545-RGA, D.I. 12 (D. Del. 2024); *Azurity Pharmaceuticals, Inc. et al. v. Hetero Labs Limited et al.*, 24-396-MN, D.I. 1 (D. Del. 2024); *Azurity Pharmaceuticals v. Alkem Laboratories Ltd.*, No. 22-940, D.I. 1 (D. Del. 2022).

27. This Court further has personal jurisdiction over Azurity because Slayback LLC and Azurity India, themselves and/or in cooperation with Azurity Inc. and/or as alter egos of Azurity Inc., have consented to the jurisdiction of this Court by filing motions to transfer to this District. *See Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 17 at 6 (D. Del. Apr. 18, 2024) ("[T]he District of Delaware would have personal jurisdiction over all parties.").

28. This Court further has personal jurisdiction over Slayback LLC, Azurity India, and Azurity Inc. for other reasons that will be presented to the Court if personal jurisdiction is challenged.

29. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

30. Venue is proper in this Judicial District with respect to Slayback LLC because, *inter alia*, Slayback LLC is incorporated in Delaware, Slayback LLC has committed acts of infringement in this Judicial District, and, on information and belief, Slayback LLC will commit further acts of infringement in this Judicial District.

31. Venue is proper in this Judicial District with respect to Azurity India because it is not a resident of the United States, it has committed acts of infringement in this Judicial District, and, on information and belief, it will commit further acts of infringement in this Judicial District.

32. Venue is proper in this Judicial District with respect to Azurity Inc. because, *inter alia*, Azurity Inc. is incorporated in Delaware, Azurity Inc. has committed acts of infringement in this Judicial District, and, on information and belief, Azurity Inc. will commit further acts of infringement in this Judicial District.

33. Venue is proper in this Judicial District with respect to Azurity because Slayback LLC and Azurity India, themselves and/or in cooperation with Azurity Inc. and/or as alter egos of Azurity Inc., have consented to venue in this District by filing motions to transfer to this District. *See* D.I. 17 at 6 ("District of Delaware is proper venue.").

34. Venue is proper in this Judicial District with respect to Slayback LLC, Azurity India, and Azurity Inc for other reasons that will be presented to the Court if venue is challenged.

## THE PATENTS-IN-SUIT

35. Heron is the owner of the '254 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist." The '254 patent was duly and legally issued on October 15, 2024. The '254 patent was listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") for Cinvanti® on November 7, 2024. A copy of the '254 patent is attached as Exhibit A.

36. Heron is the owner of the '255 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist." The '255 patent was duly and legally issued on October 15, 2024. The '255 patent was listed in the Orange Book for Cinvanti® on November 7, 2024. A copy of the '255 patent is attached as Exhibit B.

37. Heron is the owner of the '520 patent, titled "Methods of Use of Emulsion Formulations of Aprepitant." The '520 patent was duly and legally issued on May 6, 2025. The '520 patent was listed in the Orange Book for Cinvanti® on May 12, 2025. A copy of the '520 patent is attached as Exhibit C.

## ACTS GIVING RISE TO THIS ACTION

38. Heron holds NDA No. 209296 for an injectable emulsion for intravenous use containing 130mg/18mL (7.2 mg/mL) aprepitant as the active ingredient, which was approved by the Food and Drug Administration ("FDA") on November 9, 2017. Heron markets and sells this injectable emulsion in the United States under the brand name Cinvanti®.

39. Cinvanti® (aprepitant) is indicated for the treatment in adults, in combination of other antiemetic agents, for the prevention of (1) acute and delayed nausea and vomiting associated with initial and repeat courses of highly emetogenic cancer chemotherapy including high dose cisplatin as a single-dose regimen, (2) delayed nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a single-dose regimen, and (3) nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a 3-day regimen.

40. The composition of Cinvanti® is an embodiment of one or more claims of the patents-in-suit. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the Orange Book for Cinvanti®.

41. On information and belief, Slayback LLC and Azurity India submitted the Azurity NDA to the FDA under 21 U.S.C. § 355(b)(2) seeking FDA approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the Proposed Azurity Product prior to the expiration of the patents-in-suit.

42. On information and belief, on or around July 25, 2024, Azurity received tentative approval from the FDA for the Azurity NDA.

43. On information and belief, Slayback LLC and Azurity India are now wholly-owned subsidiaries of Azurity Inc. *See Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 46 at 2 (D. Del. June 7, 2024) ("New Jersey . . . will be even less important in the future as a result of Slayback's recent acquisition by Azurity Pharmaceuticals."); *Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 90 (D. Del. Dec. 11, 2024).

44. On information and belief, Slayback LLC's and Azurity India's offices and the Azurity NDA have been transferred to Azurity Inc. and all future decisions concerning the Azurity NDA will be made by Azurity Inc. *See Heron Therapeutics, Inc. v. Slayback Pharma LLC*, Civil Action No. 24-830 (WCB), D.I. 46 at 2 (D. Del. June 7, 2024) ("Slayback's offices and the NDA have been transferred to Azurity in Boston and all future decisions concerning Slayback's ANDA [sic] product will be made there."); *id*. at 9 ("All future decisions relating to Slayback's Proposed Product will be made in Massachusetts by Azurity . . . Slayback has also designated Azurity as its agent and identified Azurity's Boston office as its address for FDA correspondence.").

45. On information and belief, the Proposed Azurity Product has the same or equivalent ingredients in the same or equivalent amounts as the compositions claimed in one or more claims of the patents-in-suit. The Proposed Azurity Product, the use of the Proposed Azurity Product,

and the manufacture of the Proposed Azurity Product are within the literal scope of one or more claims of the patents-in-suit. The Proposed Azurity Product is also at least substantially the same as Cinvanti® and performs substantially the same function, in substantially the same way, to achieve substantially the same result.

46. On information and belief, by submitting the Azurity NDA, Azurity has certified to the FDA that the Proposed Azurity Product has the same active ingredient as Cinvanti®, the same or substantially the same indications as Cinvanti®, and the same or substantially the same proposed labeling directing the use thereof as Cinvanti®.

47. On information and belief, Azurity certified in the Azurity NDA, pursuant to 21 U.S.C. § 355(b)(2)(A)(iv), that the claims of the 24-830 action patents are invalid and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale within the United States, and/or importation into the United States, of the Proposed Azurity Product.

48. On December 12, 2023, Heron received the Azurity Notice Letter by Federal Express, notifying Heron of the Azurity NDA and the Azurity PIV Certification.

49. On information and belief, any commercial manufacture, use, sale, and/or offer to sell the Proposed Azurity Product within the United States, and/or any importation into the United States of the Proposed Azurity Product, meets or embodies all elements of one or more claims of each of the patents-in-suit, either literally and/or under the doctrine of equivalents.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 12,115,254

50. Heron re-alleges paragraphs 1-49 as if fully set forth herein.

51. Azurity's submission of the Azurity NDA constitutes infringement of the '254 patent under 35 U.S.C. § 271(e)(2)(A).

52. On information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the Proposed Azurity Product meets or embodies all elements of one or more claims of the '254 patent.

53. On information and belief, Azurity intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product if it receives FDA approval of the Azurity NDA.

54. On information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product prior to the expiration of the '254 patent will infringe and/or induce and/or contribute to the infringement of the '254 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

55. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Azurity NDA be a date that is not earlier than the expiration of the '254 patent, or any later expiration of exclusivity for the '254 patent to which Heron is or becomes entitled.

56. Heron is entitled to a declaration that, if Azurity commercially manufactures, uses, offers for sale, and/or sells the Proposed Azurity Product within the United States, imports the Proposed Azurity Product into the United States, and/or induces and/or contributes to such conduct, Azurity will infringe one or more claims of the '254 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

57. Heron will be irreparably harmed by Azurity's infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 12,115,255

58. Heron re-alleges paragraphs 1-57 as if fully set forth herein.

59. Azurity's submission of the Azurity NDA constitutes infringement of the '255 patent under 35 U.S.C. § 271(e)(2)(A).

60. On information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the Proposed Azurity Product meets or embodies all elements of one or more claims of the '255 patent.

61. On information and belief, Azurity intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product if it receives FDA approval of the Azurity NDA.

62. On information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product prior to the expiration of the '255 patent will infringe and/or induce and/or contribute to the infringement of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

63. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Azurity NDA be a date that is not earlier than the expiration of the '255 patent, or any later expiration of exclusivity for the '255 patent to which Heron is or becomes entitled.

64. Heron is entitled to a declaration that, if Azurity commercially manufactures, uses, offers for sale, and/or sells the Proposed Azurity Product within the United States, imports the Proposed Azurity Product into the United States, and/or induces and/or contributes to such conduct, Azurity will infringe one or more claims of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

65. Heron will be irreparably harmed by Azurity's infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

## COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 12,290,520

66. Heron re-alleges paragraphs 1-65 as if fully set forth herein.

67. Azurity's submission of the Azurity NDA constitutes infringement of the '520 patent under 35 U.S.C. § 271(e)(2)(A).

68. On information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the Proposed Azurity Product meets or embodies all elements of one or more claims of the '520 patent.

69. On information and belief, Azurity intends to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product if it receives FDA approval of the Azurity NDA.

70. On information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Proposed Azurity Product prior to the expiration of the '520 patent will infringe and/or induce and/or contribute to the infringement of the '520 patent under 35. U.S.C. §§ 271(a), (b), and/or (c).

71. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Azurity NDA be a date that is not earlier than the expiration of the '520 patent, or any later expiration or exclusivity for the '520 patent to which Heron is or becomes entitled.

72. Heron is entitled to a declaration that, if Azurity commercial manufactures, uses, offers for sale, and/or sells the Proposed Azurity Product within the United States, imports the Proposed Azurity Product into the United States, and/or induces and/or contributes to such conduct, Azurity will infringe one or more claims of the '520 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

73. Heron will be irreparably harmed by Azurity's infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Heron requests that the Court grant the following relief:

A. A Judgment decreeing that Azurity has infringed one or more claims of each patent-in-suit by submitting the Azurity NDA;

B. A Judgment decreeing that Azurity will infringe one or more claims of each patent-in-suit if it commercially manufactures, uses, offers for sale, or sells the Proposed Azurity Product within the United States, imports the Proposed Azurity Product into the United States, or induces and/or contributes to such conduct;

C. An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of the Azurity NDA be a date not earlier than the latest expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Heron is or becomes entitled;

D. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Azurity, its directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with them, from commercially manufacturing, using, offering to sell, and/or selling within the United States, or importing into the United States the Proposed Azurity Product and any other product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which Heron is or become entitled;

E. A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and Heron be awarded its attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

OF COUNSEL:

Isaac S. Ashkenazi
Mark Russell Sperling
Justin T. Fleischacker
Stephen W. Kruse
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000

Karthik R. Kasaraneni
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC  20036
(202) 551-1700

May 22, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff Heron Therapeutics, Inc.*