IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERON THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AZURITY PHARMACEUTICALS, INC., AZURITY PHARMACEUTICALS INDIA LLP f/k/a SLAYBACK PHARMA INDIA LLP, and SLAYBACK PHARMA LLC,<br><br>Defendants. | ) | C.A. No. 24-830 (WCB)<br>C.A. No. 24-1363 (WCB) |

**STIPULATION AND [PROPOSED] ORDER**

Plaintiff Heron Therapeutics, Inc. ("Heron") and Defendants Azurity Pharmaceuticals, Inc., Azurity Pharmaceuticals India LLP f/k/a Slayback Pharma India LLP, and Slayback Pharma LLC (collectively, "Azurity") (Heron and Azurity collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, Azurity is the owner of NDA No. 218754 ("the Azurity Application") for an intravenous aprepitant emulsion product ("the Azurity Proposed Product") and manufacturer of the Azurity Proposed Product;

**WHEREAS**, Heron is the owner of U.S. Patent Nos. 9,561,229 ("the '229 patent"), 9,974,793 ("the '793 patent"), 9,974,794 ("the '794 patent"), 11,744,800 ("the '800 patent"), 12,115,254 ("the '254 patent"), 12,115,255 ("the '255 patent"), and 12,290,520 ("the '520 patent"), the owner of NDA No. 209296 for Cinvanti®, and the manufacturer of Cinvanti®;

**WHEREAS**, Heron filed suit against Azurity in Civil Action No. 24-830 (the "First Litigation") asserting, among other things, that Azurity infringed claims 1-21 of the '229 patent, claims 1-6, 8-10, and 12-15 of U.S. Patent No. 9,808,465, claims 1-6, 9-10, 12-14, and 16-20 of

U.S. Patent No. 9,974,742, claims 1-22 of the ’793 patent, claims 1-21 of the ’794 patent, claims 1-5, 7-9, and 11-16 of U.S. Patent No. 10,500,208, claims 1-6, 9-10, 12-14, and 16 of U.S. Patent No. 10,624,850, claims 1-18 of U.S. Patent No. 10,953,018, claims 1-8, 11-12, and 14-17 of U.S. Patent No. 11,173,118, and claims 1-21 of the ’800 patent (collectively, the “First Litigation Patents”) in connection with the Azurity Application;

**WHEREAS**, Heron currently asserts that Azurity infringed claims 6, 10, and 16 of the ’229 patent, claims 3, 7, and 17 of the ’793 patent, claim 6 of the ’794 patent, and claims 2, 14, and 21 of the ’800 patent in the First Litigation (collectively, the “First Litigation Claims”);

**WHEREAS**, Heron filed suit against Azurity in Civil Action No. 24-1363 (the “Second Litigation”) asserting, among other things, that Azurity infringed claims 1, 5-7, 9, 11, 15, 19-22, 24, 26-27, and 29 of the ’254 patent, claims 1, 5-11, 13, and 16-30 the ’255 patent, and claims 8, 11, 14, and 18 the ’520 patent (collectively, the “Second Litigation Patents”) in connection with the Azurity Application;

**WHEREAS**, Heron currently asserts that Azurity infringed claim 7 of the ’254 patent, claims 5, 6, 19, and 23 of the ’255 patent, and claims 8, 11, 14, and 18 of the ’520 patent in the Second Litigation (collectively, the “Second Litigation Claims”);

**WHEREAS**, the parties agree that Azurity’s Proposed Product is literally within the scope of the Second Litigation Claims, and the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States of Azurity’s Proposed Product would infringe these claims to the extent these claims are not found to be invalid (24-1363, D.I. 112);

**WHEREAS**, Civil Action Nos. 24-830 and 24-1363 have been coordinated for purposes of discovery and trial (the "Coordinated Actions") with a schedule set by this Court according to Civil Action No. 24-830, D.I. 162 and Civil Action No. 24-1363, D.I. 81;

**WHEREAS**, Heron filed a related suit against Fresenius Kabi USA, LLC ("Fresenius") in Civil Action No. 22-985 (the "Fresenius Litigation") asserting that Fresenius infringed claims 9-10, and 21 of the '229 patent and claims 9-10 of the '794 patent (collectively, the "Fresenius Litigation Claims"), which is currently on appeal in Appeal No. 2025-1355; and,

**WHEREAS**, Heron and Azurity seek efficient resolution of the Coordinated Action, including to minimize the parties' legal expenses and preserve the resources of the Court by reducing the number of claims and defenses that have been asserted by Heron and Azurity through contentions and expert discovery.

**THEREFORE, SUBJECT TO THE APPROVAL OF THE COURT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. For purposes of the Coordinated Actions, this Court has jurisdiction over the subject matter of the above-captioned actions and has personal jurisdiction over the parties.

2. The First Litigation is stayed. For the avoidance of doubt, the 30-month stay expiring June 12, 2026 is maintained.

3. The Second Litigation shall proceed according to the schedule set by the Court for this action at Civil Action No. 24-1363, D.I. 81.

4. The parties shall not continue to litigate any of Azurity's defenses and counterclaims that the First Litigation Claims and Second Litigation Claims are invalid as obvious under 35 U.S.C. § 103. In the event that a judgment is entered in the Fresenius Litigation, or any appeal thereof, finding that all of the Fresenius Litigation Claims were proven

to be invalid under 35 U.S.C. § 103, then judgments shall be entered in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims are invalid under 35 U.S.C. § 103. For the avoidance of doubt, in the event that a judgment is subsequently entered in the Fresenius Litigation, or any appeal thereof, finding that not all of the Fresenius Litigation Claims were proven to be invalid under 35 U.S.C. § 103, then judgment previously entered pursuant to this paragraph shall be amended in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims were not proven invalid under 35 U.S.C. § 103.

5. In the event that the Fresenius Litigation is dismissed without resolution of the claims under 35 U.S.C. § 103, the parties and Court shall adopt both the trial record and decision from the Fresenius Litigation regarding validity of claim 10 of the '229 patent under 35 U.S.C. § 103, and Azurity may, in any appeal of the Coordinated Actions, assert that only claim 10 of the '229 patent is invalid under 35 U.S.C. § 103 (an "Azurity 103 Appeal"). In the event that a judgment is entered in the First Litigation, or any appeal thereof, following an Azurity 103 Appeal finding claim 10 of the '229 patent was proven to be invalid under 35 U.S.C. § 103, then judgments shall be entered in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims are invalid under 35 U.S.C. § 103. For the avoidance of doubt, in the event that a judgment is subsequently entered in the Coordinated Actions, or any appeal thereof, finding that claim 10 of the '229 patent was not proven to be invalid under 35 U.S.C. § 103, then judgment previously entered pursuant to this paragraph shall be amended in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims were not proven invalid under 35 U.S.C. § 103.

6. The only remaining issue for the Second Litigation Claims is Azurity's allegation that those claims are invalid under 35 U.S.C. § 112. In the event that the Court finds that all the Second Litigation Claims are invalid under 35 U.S.C. §112, then judgment shall be entered in the First Litigation finding that the First Litigation Claims are not infringed.

7. In the event that the Court finds that any of the Second Litigation Claims are not proven invalid under 35 U.S.C. §112, and there is no decision or judgment finding all of the Fresenius Litigation Claims invalid under 35 U.S.C. § 103, a judgment shall be entered in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims are infringed and not proven invalid under 35 U.S.C. §112, and this Court shall enjoin Azurity, including any of its successors and/or assigns, from making, using, selling, offering to sell in the United States, importing into the United States, the Azurity Proposed Product, on its own part or through any affiliates, successors, partners, officers, agents, servants, employees, distributors, attorneys, or through any person in concert or in coordination with Azurity or its affiliates, through and until the latter of the expiration dates of the First Litigation Patents and Second Litigation Patents pursuant to 35 U.S.C. § 271(e)(4)(B). The effective date of approval of the Azurity Application following such a judgment described in this Paragraph 7 shall be no earlier than the latest expiration date of the First Litigation Patents and Second Litigation Patents pursuant to 35 U.S.C. § 271(e)(4)(A). For the avoidance of doubt, in the event that a judgment is subsequently entered in the Fresenius Litigation, or any appeal thereof, finding that all of the Fresenius Litigation Claims were proven to be invalid under 35 U.S.C. § 103, then judgment previously entered pursuant to this paragraph shall be amended in the Coordinated Actions finding that the First Litigation Claims and the Second Litigation Claims are invalid under 35 U.S.C. § 103.

8. In the event judgment is entered in the Coordinated Actions pursuant to Paragraph 7 of this Stipulation, and, following an appeal of such judgment, all the Second Litigation Claims are found to be invalid under 35 U.S.C. §112, then judgment shall be amended in the First Litigation finding that the First Litigation Claims are not infringed.

9. In the event judgment is entered in the Coordinated Actions pursuant to Paragraph 6 of this Stipulation, and following an appeal of such judgment not all the Second Litigation Claims are found to be invalid under 35 U.S.C. §112, then judgment shall be amended in the First Litigation finding that the First Litigation Claims are infringed.

**SO ORDERED** this __ day of __________, 2025.

______________________________
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

OF COUNSEL:

Isaac S. Ashkenazi
Mark Russell Sperling
Justin T. Fleischacker
Stephen W. Kruse
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Karthik R. Kasaraneni
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700

*Attorneys for Plaintiff*
*Heron Therapeutics, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite
100 Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

OF COUNSEL:

Andrew J. Miller
Constance H. Huttner
Robyn Ast-Gmoser
Elham F. Steiner
WINDELS MARX LANE & MITTENDORF,
LLP
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

*Attorneys for Defendants Slayback*
*Pharma LLC, Azurity Pharma LLP f/k/a*
*Slayback Pharma India LLP, and*
*Azurity Pharmaceuticals, Inc.*

Dated: September 15, 2025