# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERON THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 24-1363 (WCB) |
| | ) | |
| v. | ) | |
| | ) | |
| AZURITY PHARMACEUTICALS, INC., | ) | |
| AZURITY PHARMACEUTICALS INDIA | ) | REDACTED - PUBLIC VERSION |
| LLP F/K/A SLAYBACK PHARMA INDIA | ) | |
| LLP, AND SLAYBACK PHARMA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

1.      This matter came before the Court at a final pretrial conference held on November 12, 2025, pursuant to Rule 16 of the Federal Rules of Civil Procedure, District of Delaware Local Rule 16.3, and this Court's September 2, 2025, Supplemental Scheduling Order.

2.      Plaintiff Heron Therapeutics, Inc., ("Heron") is represented by Isaac S. Ashkenazi, Mark Russell Sperling, Karthik R. Kasaraneni, Justin T. Fleischacker, Stephen W. Kruse, Sydney Bruns, and Jeremy A. Tigan.

3.      Defendants Azurity Pharmaceuticals, Inc., Azurity Pharmaceuticals India LLP f/k/a Slayback Pharma India LLP, and Slayback Pharma LLC (collectively, "Azurity") are represented by Andrew J. Miller, Constance S. Huttner, Robyn H. Ast-Gmoser, Elham F. Steiner, Colby A. Davis, Kenneth L. Dorsney, and Cortlan S. Hitch of Morris James LLP.

## I.      NATURE OF THE ACTION [LR 16.3(c)(1)]

4.      This is an action alleging patent infringement under the Hatch-Waxman Act based on Azurity's filing of a New Drug Application ("NDA") with the U.S. Food and Drug Administration ("FDA").

5.      This action involves Azurity's generic aprepitant emulsion product subject to NDA No. 218754 (the "Azurity Proposed Product").  Details of Heron's Cinvanti® Product and the Azurity Proposed Product are provided below.

6.      Heron is currently asserting three patents in this litigation:  United States Patent Nos. 12,115,254 ("the '254 patent"), 12,115,255 ("the '255 patent"), and 12, 290,520 ("the '520 patent").[1]  The patents-in-suit are listed in FDA's *Approved Drug Products with Therapeutic*

---

[1] In a separate action, Heron asserted United States Patent Nos. 9,561,229; 9,974,793; 9,974,794; and 11,744,800.  The parties stipulated to stay case number 24-830, in which those patents are asserted.  D.I. 119.

*Equivalence Evaluations* (the "Orange Book") in connection with NDA No. 209296 for Cinvanti®.  Heron owns each of the patents-in-suit.

7.      Heron is currently asserting claim 7 of the '254 patent, claims 5, 6, 19, and 23 of the '255 patent, and claims 8, 11, 14, and 18 of the '520 patent.

**A.      Cinvanti®**

8.      Heron holds NDA No. 209296 for an injectable emulsion for intravenous use containing 130mg/18mL (7.2 mg/mL) aprepitant as the active ingredient, which is marketed and sold in the United States under the brand name Cinvanti®.

9.      Cinvanti® is indicated for the treatment in adults, in combination with other antiemetic agents, for the prevention of (1) acute and delayed nausea and vomiting associated with initial and repeat courses of highly emetogenic cancer chemotherapy including high dose cisplatin as a single-dose regimen, (2) delayed nausea and vomiting with initial and repeat courses of moderately emetogenic cancer chemotherapy as a single-dose regimen, and (3) nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a 3-day regimen.

**B.      The Azurity Proposed Product**

10.     Azurity filed NDA No. 218754 ("Azurity's NDA") with the FDA seeking approval for Aprepitant Injectable Emulsion, 130 mg/18 mL (7.2 mg/mL).  The Azurity Proposed Product received tentative approval from FDA on July 25, 2024.

11.     The reference-listed drug for the Azurity Proposed Product is Heron's Cinvanti® Product.

█  ██████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

█████████████████████

**C.     The Action**

13.     On December 12, 2023, Heron received written notification from Slayback

Pharma LLC[2] ("the Notice Letter") that it had submitted Azurity's NDA to the FDA under

Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C.

§ 355(b)(2), seeking approval to engage in the commercial manufacture, use, or sale of the

Azurity Proposed Product prior to the expiration of certain patents listed in the Orange Book in

connection with Cinvanti®.

14.     Azurity's NDA included a Paragraph IV certification alleging that the claims of

certain United States patents related to the patents-in-suit are invalid and/or not infringed.[3]

15.     On December 12, 2024, Heron commenced the instant litigation against Azurity.

Heron asserted that Azurity infringes the '254 and '255 patents under 35 U.S.C. § 271(e)(2)(A)

by its submission of NDA No. 218754 prior to the expiration of the '254 and '255 patents.

D.I. 1.  Heron also asserted that if Azurity's NDA were to be approved, Azurity's manufacture,

---

[2] Defendant Slayback Pharma LLC has been a wholly owned subsidiary of defendant
Azurity Pharmaceuticals, Inc. since approximately September 27, 2023.  Case No. 24-830, D.I.
91.

[3] Azurity's Notice Letter addressed certain claims of patents listed in the Orange Book
listed U.S. Patent Nos. 9,561,229; 9,808,465; 9,974,742; 9,974,793; 9,974,794; 10,500,208;
10,624,850; 10,953,018; 11,173,118; and 11,744,800 (the "Notice-Letter patents").

use, sale and/or offer to sell in the United States, and/or importation into the United States, of the

Azurity Proposed Product would infringe the '254 and '255 patents under 35 U.S.C. § 271(a),

(b), and/or (c). (*Id.*)

16.     On January 10, 2025, Azurity filed its Answer and Counterclaims to Heron's

Complaint denying infringement and alleging counterclaims of patent invalidity with respect to

the '254 and '255 patents. D.I. 22.

17.     On January 31, 2025, Heron filed its Answer to Azurity's January 10, 2025,

Counterclaims. D.I. 35.

18.     On May 23, 2025, the parties stipulated to "Heron amending its complaint in

accordance with FRCP 15(a)(2) to assert infringement of the '520 patent." D.I. 81. Pursuant to

the stipulation of the parties, this Court ordered that "[t]he parties' claims and defenses for the

'520 patent shall be limited to those already disclosed for the other asserted patents in the

litigations, there will be no exchange of additional contentions, the parties will rely on the

contentions for the previously asserted patents in connection with the '520 patent, and there will

be no claim construction." (*Id.*)

19.     On May 23, 2025, Heron filed a First Amended Complaint to assert infringement

of claims of the '520 patent under 35 U.S.C. § 271(e)(2)(A) by Azurity's submission of NDA

No. 218754 prior to the expiration of the '520 patent. D.I. 82. Heron also asserted that Azurity's

manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United

States, of the Azurity Proposed Product would infringe the '520 patent under 35 U.S.C. § 271(a),

(b), and/or (c). *Id.*

20.     On June 10, 2025, Azurity filed its Answer and Counterclaims to Heron's First Amended Complaint denying infringement and alleging counterclaims of patent invalidity with respect to the '520 patent.  D.I. 85.

21.     On June 24, 2025, Heron filed its Answer to Azurity's June 10, 2025 Amended Counterclaims.  D.I. 87.

22.     On August 25, 2025, the Court ordered, pursuant to a stipulation of the parties, that "Azurity's Proposed Product is literally within the scope of claim 7 of the '254 patent, claims 5, 6, 19, and 23 of the '255 patent, and claims 8, 11, 14, and 18 of the '520 patent, and the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States of Azurity's Proposed Product would infringe these claims to the extent these claims are not found to be invalid."  D.I. 112, ¶ 1.

23.     On September 16, 2025, pursuant to a stipulation of the parties, the Court stayed a related litigation (Civil Action No. 24-830 (WCB)) and maintained the 30-month regulatory stay expiring on June 12, 2026, which enjoins the FDA from providing final approval of the Azurity Proposed Product until expiration of the regulatory stay.  D.I. 119.

24.     On September 16 , 2025, pursuant to a stipulation of the parties, the Court further ordered that the parties shall not continue to litigate any of Azurity's defenses and counterclaims that the patents-in-suit are invalid as obvious under 35 U.S.C. § 103.  D.I. 119, ¶ 4.  As of the time of that stipulation, the only remaining issues for the patents-in-suit were Azurity's contentions that the asserted claims are invalid under 35 U.S.C. § 112.  *Id.*, ¶ 6.

**D.     Claim Construction**

25.     The parties stipulated "to adopt the constructions from the Claim Construction Order, D.I. 54, in *Heron Therapeutics Inc. v. Fresenius Kabi USA, LLC*, Civil Action No. 22-985

(WCB) for the terms 'physically stable,' 'preventing,' and 'treating' that appear in the patents in suit." D.I. 46. These constructions are included below.

| Claim Term | Agreed Construction |
|---|---|
| "physically stable" | meets the criteria under USP<729> for mean droplet size not exceeding 500 nm and PFAT5 not exceeding 0.05%, and no visible aprepitant crystals when viewed at magnification of 4x to 10x, after being stored either at 5° Celsius or at room temperature for a period of at least one week |
| "preventing" | hindering the occurrence of |
| "treating" | caring for and managing a patient to combat, ameliorate, or prevent |

26.     The parties also notified the Court that "the parties have narrowed the potential terms for construction to the term 'about' appearing in the patents-in-suit." The parties further stated that "seeking to efficiently adjudicate the case [the parties] agree to forgo *Markman* proceedings and address, if necessary, the construction of 'about' at trial" at the same time that the parties address Azurity's lack of written description and lack of enablement arguments raised in their Invalidity Contentions. D.I. 46.

27.     Pursuant to the Court's October 29, 2025, Order, D.I. 136, the parties have briefed the construction of the terms "injectable pharmaceutical emulsion" and "injectable emulsion" in the asserted claims of the '254 and '255 patents, respectively. Azurity's brief and supporting declaration were filed November 3, 2025, and Heron's responsive brief and any supporting declaration was filed November 7, 2025.

## II.    JURISDICTION [LR 16.3(c)(2)]

28.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and/or 35 U.S.C. § 271.  Jurisdiction and venue of the Court in this matter are not disputed.

## III.    UNCONTESTED FACTS [LR 16.3(c)(3)]

29.    The parties stipulate to the facts listed in **Exhibit 1** hereto.[4]  These stipulated facts are admitted and require no proof at trial and will become part of the evidentiary record in this case.

## IV.    CONTESTED FACTS [LR 16.3(c)(4)]

30.    Heron's statement of issues of fact that are not stipulated and remain to be litigated for purposes of this Joint Pretrial Order is attached hereto as **Exhibit 2**.

31.    Azurity's statement of issues of fact that are not stipulated and remain to be litigated for purposes of this Joint Pretrial Order is attached hereto as **Exhibit 3**.

## V.    ISSUES OF LAW [LR 16.3(c)(5)]

32.    Heron's statement of issues of law that remain to be litigated for purposes of this Joint Pretrial Order, and a citation of authorities, is attached hereto as **Exhibit 4**.

33.    Azurity's statement of issues of law that remain to be litigated for purposes of this Joint Pretrial Order, and a citation of authorities, is attached hereto as **Exhibit 5**.

---

[4] All exhibit numbers listed in this order, with the exception of Exhibit 8, refer to the exhibits filed by the parties at D.I. 145–147.  Following the docketing of D.I. 145–147, Azurity submitted a modified version of Exhibit 8 to the court, to which Heron does not object, and which is attached to this Order.

## VI.    EXHIBITS [LR 16.3(c)(6)]

### A.    Trial Exhibits

34.    The list of premarked exhibits, subject to continued meeting and conferring in advance of and during trial, that Heron and Azurity may ultimately offer jointly, is attached hereto as **Exhibit 6**.  These exhibits are identified by the prefix JTX.

35.    The list of premarked exhibits that Heron may offer, including citations to the Federal Rules of Evidence to note Azurity's objections thereto, is attached hereto as **Exhibit 7**. These exhibits are identified by the prefix PTX.

36.    The list of premarked exhibits that Azurity may offer, including citations to the Federal Rules of Evidence to note Heron's objections thereto, is attached hereto as **Exhibit 8**. These exhibits are identified by the prefix DTX.

37.    The Joint Pretrial Order contains the maximum universe of exhibits to be used by any party for direct, cross (other than solely for impeachment), and re-direct examinations as well as all objections to the admission of such exhibits.  Exhibits not listed will not be admitted unless good cause is shown.  The court ruled on the parties' objections to the admissibility of proposed exhibits at the November 10, 2025, conference.

38.    Each party reserves the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list.  All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the other party's exhibit list.  Any trial exhibit, once admitted, may be used equally by either party subject to any limitations as to its admission into evidence.

39.    The parties agree that if any party removes or otherwise withdraws an exhibit from its trial exhibit list, the other party may amend its trial exhibit list to include that same

exhibit.  The parties also agree that the withdrawing party may make no objections to the timeliness of the inclusion of that trial exhibit on the amending party's exhibit list.

40.     The parties agree that any description of a document on a trial exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

41.     Unless agreed to otherwise by the parties before or during trial, each party shall serve on opposing counsel by electronic mail a written list by exhibit number of the trial exhibits that the party intends to use during direct examination of each witness, identified by witness, (*i.e.*, the subset of trial exhibits already disclosed in **Exhibits 6-8)**, by 7:00 pm ET two calendar days before the day the witness will testify.  The party receiving the identification of exhibits intended for use during direct examination of a witness will inform the party identifying the exhibits of any objections by 6:00 pm ET the next calendar day, and the parties shall meet and confer as soon as possible thereafter, but in any event, by 7:00 pm ET that evening in a good-faith effort to discuss and resolve any objections to the trial exhibits.

42.     If there are objections that remain to be resolved after the parties meet and confer, the party objecting to the other's use of the exhibits shall bring its objections to the Court's attention by 8:00 pm that day.  Failure to comply with these procedures, absent an agreement by the parties or an order of the Court, will result in waiver of the use of the exhibit or waiver of the objection to the use of the exhibit.  The advance notification provision for exhibits does not apply to exhibits to be used during cross-examination or for impeachment.

43.     Other than trial exhibits jointly designated by the parties in **Exhibit 6** and any supplements thereto, or as otherwise agreed by the parties, no exhibit shall be admitted unless offered into evidence through a witness, subject to the Court's ruling on any objections as to

admissibility and the witness's ability to testify concerning said exhibit. At some point before the completion of the party's case-in-chief, any party that has used an exhibit with a witness and wishes for that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Failure to raise an objection to an exhibit at trial shall be considered a waiver of said evidentiary objection.

44. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are referenced by a witness through live testimony or by deposition designation. Each party agrees that complete legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or if in the circumstances it would be unfair to admit the copy in lieu of the original. Complete legible copies of United States and foreign patents and/or applications, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

### B. Demonstrative Exhibits

45. Exhibits that the parties intend to use at trial solely for demonstrative purposes (*i.e.*, those created for purposes of trial, as distinguished from physical exhibits that exist independent of trial in this Action that a party may wish to use at trial) without admitting into evidence ("demonstrative exhibits") do not need to be described on their respective lists of trial exhibits.

46. Each demonstrative exhibit shall clearly indicate on the face of the demonstrative exhibit, if practicable, all information sources (including, if available, trial exhibit numbers) that form the basis for the demonstrative exhibit. If not practicable to indicate the sources on the face

of the demonstrative exhibit itself, an identification of the sources shall accompany the demonstrative exhibit.

47. Heron's demonstrative exhibits will be identified with unique PDX numbers. Azurity's demonstrative exhibits will be identified with unique DDX numbers.

48. Demonstrative exhibits, while not substantive evidence, shall be electronically submitted to the Court at the end of trial and included in the record for appeal.

49. Each party shall serve on opposing counsel by electronic mail (for files having a size of less than 10 MB) and/or by online file transfer (for files having a size of 10 MB or greater) full color copies (or videos, for the case of animations) of any demonstrative exhibits that each party intends to use at trial during direct examination of each witness, identified by witness, according to the schedule below.  For any irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5 x 11-inch copies of the demonstrative exhibit and make the original available for inspection by the opposing party.

50. For demonstrative exhibits to be used in connection with direct examination of a witness, each party shall exchange such demonstrative exhibits by 6:00 pm ET on the calendar day before such direct examination is expected to take place.  The parties will meet and confer as promptly thereafter in a good-faith effort to discuss and resolve any objections to the demonstrative exhibits.  If good faith efforts to resolve the objections fail, the party objecting to the demonstrative exhibits will submit its objections to the Court's attention by 8:00 pm ET.

51. The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony that has been used or will be used through designations and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition

11

testimony need not be given and need not be exchanged as demonstratives, as long as the party

has identified its intent to use the trial exhibits and/or deposition testimony (through a party's

designation of such testimony) according to the provisions of this Order.

52.    For the avoidance of doubt, the notification provisions for demonstrative exhibits

do not apply to demonstrative exhibits created in the courtroom during testimony, or to

demonstratives used for cross-examination or impeachment purposes, which do not need to be

provided to the other side in advance of their use.  A party shall not be precluded from using

such demonstrative exhibits if used for cross-examination or impeachment purposes for the sole

reason that it was not provided before cross-examination of a witness.  The advance notification

provisions for demonstrative exhibits also do not apply to demonstrative exhibits used in closing

arguments (to the extent closing arguments are requested by the Court), which do not need to be

provided to the other side in advance of their use.

## VII.    WITNESSES [LR 16.3(c)(7)]

53.    Heron's list of fact and expert witnesses it may call at trial, either live or by

deposition, and Azurity's objections to Heron's witnesses, are attached hereto as **Exhibit 9**.  The

*curriculum vitae* of Heron's expert witness is attached hereto as **Exhibit 10**.

54.    Azurity's list of fact and expert witnesses it may call at trial, either live or by

deposition, and Heron's objections to Azurity's witnesses, are attached hereto as **Exhibit 11**.

The *curriculum vitae* of Azurity's expert witness is attached hereto as **Exhibit 12**.

55.    Any witness not listed or described in **Exhibits 9** or **11** will be precluded from

testifying absent good cause shown.

56.    If requested, the *curricula vitae* of live fact witness(es) a party intends to call at

trial may be submitted to the Court.

57.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition, nor shall it constitute an admission as to the availability or unavailability of that witness to appear live at trial.

58.     The parties agree they will timely notify the other party if there are any anticipated changes to the order of live trial witnesses before the start of trial.  Each party shall serve on opposing counsel by electronic mail a list of all live witnesses the party intends to call at trial and in what order by 7:00 pm ET two (2) calendar days before such testimony is expected to take place.  This paragraph applies only to the identification of live witnesses; witnesses whose testimony will be provided through deposition designations must be disclosed according to the schedule set forth in Section A below.

59.     To the extent that any fact witnesses are permitted to testify, the parties agree that fact witnesses will be sequestered for the testimony of witnesses.  The parties agree that expert witnesses need not be sequestered.

60.     Except as permitted under District of Delaware Local Rule 43.1 or by express permission of the Court, once tendered for cross examination, no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as cross examination and any associated redirect examination are concluded.  If the witness will be called to the stand to testify at a later time during the trial, once the witness has completed his or her cross examination and any associated redirect examination, that witness may speak with counsel before taking the stand to testify at a later time during trial.

### A.     Deposition Designations

61.     Deposition testimony that Heron may offer into evidence, together with Azurity's counter-designations, Heron's counter-counter-designations, and the parties' respective objections, is identified in **Exhibit 13** hereto.  Deposition testimony that Azurity may offer into

13

evidence, together with Heron's counter-designations, Azurity's counter-counter-designations, and the parties' respective objections, is identified in **Exhibit 14** hereto.  Deposition testimony to be used solely for impeachment but not admitted into evidence need not be identified to the other side in advance of its use.  The court ruled on the parties' objections to deposition designations at the November 10, 2025 conference.

62.     Each party shall serve on opposing counsel by email a written list of the final remaining lines and pages of each deposition transcript (*i.e.*, the subset of deposition designations already disclosed in **Exhibits 13** and **14**), prior to reading or playing a video of the deposition at trial (other than for impeachment of a witness or cross-examination) that a party intends to use at trial by 8:00 pm ET three (3) calendar days before their testimony is to be presented, along with the witness description it proposes to read with the testimony.  The party receiving the identification of deposition designations will inform the party identifying the deposition designations of any objections and counter-designations to the testimony and revisions to the witness description to be read with the testimony by 8:00 pm ET the following day, and the parties will meet and confer as soon as possible thereafter, but in any event, by 9:00 pm ET the same night in a good-faith effort to discuss and resolve any objections to the deposition designations.

63.     If there are objections that remain to be resolved after the parties meet and confer, the party calling the witness by deposition shall, no later than 8:00 pm ET on the calendar day following the parties' meet and confer, submit to the Court on behalf of all parties:  (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (*i.e.*, no more than two sentences, combined, per

objection and response) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of the objection to the use of the deposition testimony. It should be noted that the Court has already ruled on the admissibility of the deposition designations; any dispute raised during trial should be limited to the omission of some of the designated material in the course of shortening the designations.

64.     The parties agree that once a party identifies deposition testimony by 8:00 pm ET three (3) calendar days prior to the testimony being offered into the record, the identifying party has waived the right to call the witness live, unless the witness is called live by the other party.

65.     If deposition testimony is to be presented by video, then the party playing the designated testimony shall also serve the other party with actual video clips of all testimony to be played by 7:00 pm ET the day prior to the testimony being offered into the record.

66.     To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court. If a party opts to introduce deposition testimony, any counter-designation of that same witness's testimony must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition. To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations. To the extent that any designated portions of the deposition are subject to an errata, counsel for the introducing party shall identify the correction identified in the errata to the Court in a short introduction to the Court prior to the introduction of deposition designations or counter-designations. Additionally, prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide

the short introduction to the Court about the identity of the witness and subject matter of deposition testimony referenced in ¶ 62 above, which introduction the parties agree is not evidence and the time for which will be charged against that party.

67.     Each party shall inform the Court of the time to be charged against each party for the deposition designations relating to each witness.  The parties shall do so at the time the designations are admitted into evidence or, at the latest, by the conclusion of each trial day.

68.     All colloquies between counsel and objections by counsel will be eliminated when the deposition transcript is presented at trial.

69.     Each party may move an exhibit into evidence at the end of a witness's testimony or at another reasonable time before the completion of the party's case-in-chief, consistent with the restrictions noted in ¶¶ 34-44 above.

70.     Each party reserves the right to use testimony designated by another party, whether as a designation or counter-designation, even if not separately listed on its designation list.

71.     The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

**B.     Objections to Expert Testimony**

72.     The parties request that the Court rule at trial on objections to expert testimony as outside the scope of the expert's reports and/or the party's contentions when any such objections are raised, taking the time used to argue and decide such objections out of the movant's trial presentation.

## VIII.   BRIEF STATEMENT OF INTENDED PROOFS [LR 16.3(c)(8)-(10)]

73.     In support of its claims and in addition to the facts not in dispute, Heron expects to offer the proofs and seek the remedies set forth in **Exhibit 15**.

74.     In support of its claims and in addition to the facts not in dispute, Azurity expects to offer the proofs set forth in **Exhibit 16**.

## IX.     PROPOSED AMENDMENTS TO THE PLEADINGS [LR 16.3(c)(11)]

75.     No parties seek to amend the pleadings at this time.

## X.     CERTIFICATION OF SETTLEMENT DISCUSSIONS [LR 16.3(c)(12)]

76.     The parties certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.  A settlement has not yet been reached.

## XI.     MISCELLANEOUS ISSUES

### A.     Motions *in Limine*

77.     Pursuant to paragraph 19 of the Scheduling Order, Case No. 24-830, D.I. 80,[5] the briefing related to Azurity's motion *in limine* is attached hereto as **Exhibit 17**.  **Exhibit 18** is the briefing related to Heron's MIL No. 1, **Exhibit 19** is the briefing related to Heron's MIL No. 2, and **Exhibit 20** is the briefing related to Heron's MIL No. 3.  **Exhibit 21** is a compendium of all of Azurity's exhibits cited in its briefing.  **Exhibit 22** is a compendium of all of Heron's exhibits cited in its briefing.

### B.     Expected Duration and Scope of Trial

78.     Trial is scheduled to begin on Monday, November 17, 2025, in Washington D.C. and last four (4) days until Thursday, November 20, 2025.  D.I. 81.  The parties have significantly narrowed the asserted patents, claims, and defenses such that the only remaining issues are Azurity's contentions that the remaining asserted claims are invalid under 35 U.S.C. § 112.  D.I. 119, ¶ 6.  Per the Court's October 29, 2025 Order, the Court may also hear live witness testimony on the claim construction issue at the outset of trial.  Each party will be given

---

[5] The schedule for this action was coordinated with that of Case No. 24-830 until the latter action was stayed.  *See, e.g.*, D.I. 14; D.I. 119.

10 hours to present its case. Time spent examining and cross-examining witnesses (whether live or by deposition), will be counted as the time of that party. Time spent arguing objections in open Court will be assessed against the party raising the objection.

### C. Setup of Electronic and Computer Devices

79. The trial will be conducted in Courtroom 402 on the fourth floor of the Howard T. Markey National Court Building at 717 Madison Place, N.W., in Washington, D.C. Access to the courtroom will be available to the parties on November 14, 2025, for purposes of setting up electronic and computer devices. To the extent both parties are utilizing common equipment in the Courtroom, the parties will share the cost of that equipment. The parties should advise the Court's chambers by email regarding when the setup will occur so that proper preparations can be made.

### D. Type of Trial

80. This is a non-jury trial.

### E. Order of Proof

81. Azurity stipulated that it infringes the asserted claims to the extent the asserted claims are not found to be invalid. D.I. 112. As such, Heron does not need to put forth an infringement case.

82. Azurity will first present its case in chief on issues of patent invalidity under 35 U.S.C. § 112.

83. Heron then will present its rebuttal to Azurity's case in chief on issues of patent invalidity under 35 U.S.C. § 112 directly following Azurity's case in chief.

84. The parties agree to prepare written opening statements of no more than 15 pages in length, double-spaced, setting forth the party's legal contentions and a summary of the

evidence the party expects to elicit from each witness.  Opening statements will be due on the docket by Friday, November 14, 2025, at 5:00 pm ET.

### F.    Daily List of Admitted Exhibits

85.    The parties will confer each day to discuss the list of admitted exhibits used during the trial day.  The parties will jointly coordinate with the Court's law clerk to ensure the Court and all parties have an accurate list of the admitted exhibits.

### G.    Trial Transcript Errata

86.    The parties will meet and confer regarding an appropriate schedule for joint submission of corrections to the trial transcript.

### H.    Post-Trial Briefing

87.    At the conclusion of the trial, the Court will set a schedule for post-trial briefing and closing argument.

88.    Only admitted trial exhibits may be relied upon in post-trial briefing.

89.    No appendices shall be submitted with any post-trial briefs.

90.    Trial exhibits shall be referred to by exhibit number (PTX-, DTX-, or JTX-)

### I.    Submission of Exhibits After Trial

91.    In lieu of submitting hard copies of the trial exhibits, the parties shall submit hyperlinked versions of the parties' post-trial papers within one (1) week of the filing of the last post-trial brief.

## XII.    <u>ORDER TO CONTROL COURSE OF ACTION</u>

92.    This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

IT IS SO ORDERED.

SIGNED this 13th day of November, 2025.


_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE