**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HERON THERAPEUTICS, INC.,       ) | |
|       ) | |
|     Plaintiff,       ) | |
|       ) | |
|       ) | |
|     v.       ) | C.A. No. 24-1363 (WCB) |
|       ) | |
| AZURITY PHARMACEUTICALS, INC.,       ) | |
| AZURITY PHARMACEUTICALS INDIA       ) | |
| LLP f/k/a SLAYBACK PHARMA INDIA       ) | |
| LLP, and SLAYBACK PHARMA LLC,       ) | |
|       ) | |
|     Defendants.       ) | |

## <u>FINAL JUDGMENT</u>

**WHEREAS** this patent infringement action was brought by Heron Therapeutics, Inc. ("Plaintiff") alleging, *inter alia*, that the filing of New Drug Application ("NDA") No. 218754 by Azurity Pharmaceuticals, Inc.; Azurity Pharmaceuticals India LLP (F/K/A Slayback Pharma India LLP); and Slayback Pharma LLC (collectively, "Defendants") infringed U.S. Patent No. 12,115,255 ("the '255 patent") and U.S. Patent No. 12,290,520 ("the '520 patent"), D.I. 82;

**WHEREAS** this matter came before the Court for a bench trial to resolve the question of whether claims 5 and 23 of the '255 patent and claim 8 of the '520 patent are invalid for lack of written description and/or enablement under 35 U.S.C. § 112;

**WHEREAS** the Court held a bench trial in the above-captioned action the week of November 17, 2025;

**WHEREAS** the Court issued an opinion setting forth its findings of fact and conclusions of law on June 1, 2026.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1

(1) that claims 5 and 23 of the '255 patent are declared to be invalid on the ground of lack of written description, under 35 U.S.C. § 112;

(2) that claim 8 of the '520 patent is declared to be invalid on the ground of lack of written description, under 35 U.S.C. § 112;

(3) that in view of the Court's rulings that the asserted claims of the '255 and '520 patents are invalid, judgment is granted in favor of Defendants on each of Plaintiff's claims of patent infringement with respect to those patents;

(4) pursuant to entry of this Final Judgment, all other claims and counterclaims shall be dismissed without prejudice as moot, subject to reinstatement upon reversal or remand;

(5) in accordance with 21 C.F.R. § 314.107(e), Defendants shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court;

(6) pursuant to Fed. R. Civ. P. 54, D. Del. LR 54.1, and 28 U.S.C. § 1920, Heron may seek its costs in an amount to be determined by the Clerk of the Court;

(7) in the event that a party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time to petition for certiorari to the United States Supreme Court or, if the appeal is withdrawn or dismissed, within 60 days after such withdrawal or dismissal; and

(8) in the event that no party appeals this Final Judgment, any motion for attorneys' fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

IT IS SO ORDERED

SIGNED this 1st day of June, 2026

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE